Frances F. Goins, Esq.
Max W. Thomas, Esq.
Ulmer & Berne LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7000
(216) 583-7001 (facsimile)

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., et al. )<br>)<br>Plaintiffs / Counterclaim Defendants )<br>)<br>v.                                     )<br>)<br>VIS HOLDINGS CORP., et al.                  )<br>)<br>Defendants / Counterclaim Plaintiffs )<br>)<br>v.                                     )<br>)<br>SEAWEST FINANCIAL CORP.                  )<br>)<br>Additional Counterclaim Defendant )<br>_____ ) | MISCELLANEOUS ACTION<br><br>CASE No.: _____<br><br>JUDGE: _____<br><br><br>Proceeding in U.S. District Court<br>For the Southern District of Ohio<br>Case No. 2:04-CV-614<br><br><br><br><br>February 5, 2007 |

## MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, and Rule 30.2 of the

Local Rule of Civil Practice and Procedure of the United States District Court for the District of

Delaware, SeaWest Funding Corp., SeaWest Receivables Corp. I, SeaWest Securitization I,

LLC, SeaWest Securitization 2002-A, LLC and SeaWest Securitization 2003-A, LLC

(collectively, the "SeaWest Entities") respectfully move this Court to quash certain Subpoenas

purportedly issued to them from this Court in connection with a proceeding pending in the

United States District Court for the Southern District of Ohio, under the above caption, on the basis that the Subpoenas are invalid and that they do not comply with Rule 45.   The reasons in support of this Motion to Quash and for Protective Order are set forth in the incorporated Memorandum of Law.

**INCORPORATED MEMORANDUM OF LAW**

**I.     FACTUAL BACKGROUND**

The Subpoenas at issue in this Motion to Quash and for Protective Order were issued to the SeaWest Entities by the Defendants/Counterclaim Plaintiffs in an action proceeding in the United States District Court for the Southern District of Ohio, Eastern Division, captioned *Consumer Portfolio Services, Inc. and 71270 Corp., Plaintiffs/Counterclaim Defendants, v. VIS Holdings Corp., SPES International Corp, George M. Scopetta and John R. Scopetta, Defendants/Counterclaim Plaintiffs, v. SeaWest Financial Corp., Additional Counterclaim Plaintiff,* Case No. 2:04-CV-614 (the "Ohio Action").   The Subpoenas were issued using a standard form, and signed by one of the attorneys for Defendants/Counterclaim Plaintiffs as the issuing officer.   Each Subpoena was accompanied by a Notice of Deposition issued under the Ohio caption.   The Subpoenas and Notices are solely directed to procure the deposition of the SeaWest Entities.   Copies of the Subpoenas and respective notices of deposition are attached hereto as Exhibits 1-5.

On January 26, 2007, Defendants/Counterclaim Plaintiffs purportedly issued the Subpoenas from this Court on statutory agents of the SeaWest Entities in Delaware, for deposition to take place less than two weeks later, on February 7 and 8.   The Subpoenas were accompanied by Notices of Deposition, captioned under the Ohio action, and both the Subpoenas and Notices purport to command the SeaWest Entities to appear for deposition in Wilmington, Delaware on February 7 and/or 8.

2

The SeaWest Entities are not parties to the Ohio Action. The SeaWest Entities have no places of business in Delaware, and no employees residing in Delaware.

Although the Subpoenas were purportedly issued on January 26, 2007, The SeaWest Entities did not received service of the Subpoenas until January 29, 2007, seven business days before the purported depositions are supposed to take place. Moreover, the Subpoenas were not served on the SeaWest Entities at their place of business or upon any officers to be deposed, but only served upon the Entities' corporate agent in Delaware. No proof of service of the Subpoenas has been filed with any court.

On February 5, 2007, counsel for the SeaWest Entities conferred with counsel for Defendants/Counterclaim Plaintiffs in an effort to resolve this dispute without court action, but was unable to reach a resolution. A Certification of this attempt to resolve the dispute is attached hereto, pursuant to Rule 26(c).

## II.    LAW AND ARGUMENT

### A.    THE SUBPOEANAS SHOULD BE QUASHED BECAUSE THEY INVALID.

As non-parties to the Ohio Action, the SeaWest Entities can only be compelled to appear for deposition by valid subpoenas under Rule 45.

Federal law is clear: any deposition of a corporation pursuant to Rule 45 must take place either where the officer-witness for the corporation resides or at the corporation's principal place of business. *In re Johnson & Johnson*, 59 F.R.D. 174, 178 (D. Del. 1973) (the Court for the District of Delaware had no power to compel a Connecticut entity to appear for deposition in Delaware pursuant to subpoena issued from Delaware federal court), citing *Less v. Taber Instrument Corp.*, 53 F.R.D. 645 (W.D. N.Y. 1971); *Operative Plasterer's & Cement Mason's Int'l Assoc. v. Benjamin*, 144 F.R.D. 87, 91 (N.D. Ill. 1992) (requiring depositions to take place

at corporation's principal place of business); *Chris-Craft Indus. Prods., Inc. v. Kurary Co., Ltd.,* 184 F.R.D. 605, 607 (N.D. Ill. 1999) (a corporation's objection to deposition being taken a t a place other than its principal place of business should be sustained absent unusual circumstances that justify inconvenience to the corporation). *See also Elder-Beerman Stores Corp. v. Federated Dep't. Stores, Inc.,* 45 F.R.D. 515 (S.D.N.Y.1968) (holding "a corporation not doing business in the district cannot be compelled to respond to … a subpoena," and quashing subpoena issued in New York to compel production in New York of documents within control of a non-party corporation whose principal place of business was in Georgia and which maintained only a wholesale display room in New York staffed by one clerical employee upon whom subpoena was served).

Here, the Subpoenas to the SeaWest Entities purport to have been issued from this United States District Court for the District of Delaware, and both the Subpoenas and the accompanying Notices of Deposition purport to notice the SeaWest Entities to appear at a deposition to take place in Wilmington, Delaware. But the SeaWest Entities have no places of business, let alone any principal places of business, and no employees who reside in the state of Delaware, let alone officers, directors or managing agents who could be presented as representative witnesses for deposition. The cases cited above, including from the District of Delaware and from other jurisdictions, make it amply clear the Subpoenas are therefore invalid, and must be quashed. The Court for the District of Delaware has no power to compel the SeaWest Entities to appear for deposition in Delaware, and there are no circumstances that would justify requiring SeaWest Entities to appear in a state in which it has no place of business and no employees, let alone representatives who could appear as witnesses.

**B.     THE SUBPOEANAS MUST BE QUASHED BECAUSE THEY VIOLATE RULE 45.**

Even if the Subpoenas were validly served, the must be quashed under Rule 45 because they meet at least three criteria under the Rule by which an issuing court must quash a subpoena.

Rule 45(c)(3)(A) specifically states that "the court by which as subpoena was issued **shall** quash or modify the subpoena if it: (i) fails to allow a reasonable time for compliance; (ii) requires a person who is not a party or an officer of a party to travel more than 100 miles from the place where that person resides, is employed or regularly transacts business in person….; or (iv) subjects a person to undue burden" (emphasis added).

Here, the Subpoenas were served on January 29, 2007 allowing fewer than seven business days for compliance.    They purport to require appearance in Delaware by representatives who do not live within 100 miles of Wilmington, or anywhere in Delaware.  The Subpoenas contain numerous categories of information for which an appropriate deponent must be identified, and allow no time for the deponent to prepare for such a deposition around his or her other obligations and commitments.  The Subpoenas (and accompanying Notices) therefore meet all three of the Rule 45 criteria cited above which require a subpoena to be quashed.

In addition, although Rule 45(a)(3) requires that proof of service "shall be made by filing with the clerk of courts … a statement of the date and manner of service and names of persons served, certified by the person who made the service," no such proof of service has been filed in any the Ohio Action or in this Court, to the best of the SeaWest Entities' knowledge, and no proof of service has been served upon the SeaWest Entitites.

Therefore, the Subpoenas must be quashed for failure to meet to the substantive and procedural requirements of Rule 45.

## II.  **CONCLUSION**

For the foregoing reasons, this Court should quash the Subpoenas purportedly issued to SeaWest Funding Corp., SeaWest Receivables Corp. I, SeaWest Securitization I, LLC, SeaWest Securitiaztion 2002-A, LLC and SeaWest Securitization 2003-A, LLC, and enter a protective order that the depositions unilaterally set for February 7 and 8, 2007, in Wilmington, Delaware not go forward.

Respectfully submitted:

Frances F. Goins, Esq.
Ohio Bar No. 0018631
Max W. Thomas, Esq.
Ohio Bar No. 0076998
Ulmer & Berne LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
(216) 583-7000
(216) 583-7001 (facsimile)
fgoins@ulmer.com
mthomas@ulmer.com

Attorneys for SeaWest Funding Corp.,
SeaWest Receivables Corp. I, SeaWest
Securitization I, LLC, SeaWest
Securitiaztion 2002-A, LLC and SeaWest
Securitization 2003-A, LLC

<u>CERTIFICATION</u>

I, Max W. Thomas, am counsel for SeaWest Funding Corp., SeaWest Receivables Corp. I, SeaWest Securitization I, LLC, SeaWest Securitiaztion 2002-A, LLC and SeaWest Securitization 2003-A, LLC. On February 5, 2007, I contacted Jonathan Winer, counsel for Defendants/Counterclaim Plaintiffs in the above-referenced Ohio Action, concerning the Subpoenas purportedly issued to my clients from the United States District Court for the District of Delaware commanding them to appear for deposition in Wilmington, Delaware on February 7 and 8, 2007. I contacted Mr. Winer in a good faith effort to resolve this dispute, but was unable to reach a resolution.

I declare under penalty of perjury that the foregoing is true and correct.

_____2/5/07_____
DATE

_____
MAX W. THOMAS

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, a copy of the foregoing Motion to Quash Subpoenas and for Protective Order and Incorporated Memorandum of Law was served by regular U.S. Mail and by E-mail upon:

Michael S. Budwick, Esq.
Jonathan K. Winer, Esq.
Meland Russin & Budwick, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Boulevard
Miami, Florida 33131
mbudwick@melandrussin.com
jwiner@melandrussin.com

Thomas W. Hill Esq.
Jennifer L. Mackanos, Esq
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
thill@keglerbrown.com
jmackanos@keglerbrown.com

*Attorneys for Defendants/Counterclaim
Plaintiffs VIS Holdings Corp., SPES
International Corp., George M. Scopetta and
John R. Scopetta*

Thomas A. Roberts, Esq.
Anthony Rollo, Esq.
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130
troberts@mcglinchey.com
arollo@mcglinchey.com

James S. Wertheim, Esq.
McGlinchey Stafford, PLLC
25550 Chagrin Boulevard, Suite
Cleveland, Ohio 44122-4640
jwertheim@mcglinchey.com

*Attorneys for Plaintiffs/Counterclaim
Defendants Consumer Portfolio Services, Inc.
and 71270 Corp.*

Frances F. Goins, Esq.
Max W. Thomas, Esq.
Ulmer & Berne LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, OH 44113
fgoins@ulmer.com
mthomas@ulmer.com

*Attorneys for Additional Counterclaim
Defendant SeaWest Financial Corp.*

_____
One of the Attorneys for SeaWest Funding
Corp., SeaWest Receivables Corp. I,
SeaWest Securitization I, LLC, SeaWest
Securitiaztion 2002-A, LLC and SeaWest
Securitization 2003-A, LLC

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CONSUMER PORTFOLIO SERVICES, INC.,<br>and 71270 CORP., | ) | **SUBPOENA IN PROCEEDING PENDING IN**<br>**THE SOUTHERN DISTRICT OF OHIO**<br>**EASTERN DIVISION** |
| Plaintiffs, | ) | |
| v. | ) | Case No. 2:04-CV-614<br>Judge Marbley<br>Magistrate Judge King |
| VIS HOLDINGS CORP., SPES<br>INTERNATIONAL CORP., GEORGE M.<br>SCOPETTA, and JOHN R. SCOPETTA, | ) | |
| Defendants, | ) | |
| v. | ) | |
| SEAWEST FINANCIAL CORPORATION, | ) | |
| Additional Counterclaim Defendant. | ) | |

### SUBPOENA FOR DEPOSITION
### IN A CIVIL CASE

To:    SeaWest Funding Corp.
       c/o The Corporation Trust Company, Registered Agent
       Corporation Trust Center
       1209 Orange Street
       Wilmington, DE 19801

[  ]YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ x ]YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION<br>**Esquire Deposition Services**<br>**1201 North Orange Street, One Commerce Square**<br>**Wilmington, DE 19801**<br>**Fax: 302-884-6742** | DATE AND TIME:<br>**February 7, 2007 at 9:00 a.m. (E.S.T.)** |
|---|---|

[ ]YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

[ ]YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf regarding the matters described on Schedule "A", which is attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Counsel for Defendants: | DATE  1/24/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:<br>Jonathan K. Winer, MELAND RUSSIN & BUDWICK, P.A., 200 South Biscayne Blvd., Suite 3000, Miami, Florida 33131; (305) 358-6363. | |

AO 88 (Rev. 1/94) Subpoena in a Civil Case

J:\DOCS\CLIENTS\5056\5056-3\00236542.WPD.

**EXHIBIT**
**1**

ALL-STATE LEGAL SUPPLY CO.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

SERVED ON (PRINT NAME)                                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                                    TITLE

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privilege or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# SCHEDULE A

## (Description of matters on which examination is requested- SeaWest Funding Corp.)

1.    All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Funding Corp. ("SFC")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchases, and/or other transfers between SFC and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases, and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.    All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to loans of money to SFC), whether oral and written, between SFC, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Receivables Corp. I ("SRC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.    The makeup and disposition of your assets and liabilities since SFC's formation.

4.    All assets currently owned by you, including but not limited to Contracts.

5.    All money received by SFC since its formation.

6.    All money disbursed by SFC since its formation.

7.    SFC's management and operation since its formation.

8.    The party(ies) that have owned SFC since its formation.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:04-CV-614 |
| v. | ) ) | Judge Marbley |
| VIS HOLDINGS CORP., SPES INTERNATIONAL CORP., GEORGE M. SCOPETTA, and JOHN R. SCOPETTA, | ) ) ) ) | Magistrate Judge King |
| Defendants, | ) ) | |
| v. | ) ) | |
| SEAWEST FINANCIAL CORPORATION, | ) ) | |
| Additional Counterclaim Defendant. | ) ) | |

## DEFENDANTS' NOTICE OF TAKING TELEPHONIC DEPOSITION OF SEAWEST FUNDING CORP.

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure 30(b)(6) and 45, Defendants, VIS HOLDINGS CORP., SPES INT'L CORP., GEORGE M. SCOPETTA and JOHN R. SCOPETTA (collectively, the "VIS Defendants") will take the telephonic deposition, upon oral examination of **SeaWest Funding Corp. on Wednesday, February 7, 2007 at 9:00 a.m. (E.S.T.) at Esquire Deposition Services, 1201 North Orange Street, One Commerce Square Wilmington, DE 19801,** before a notary public, or some officer duly authorized by law to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(6), SeaWest Funding Corp. shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the matters described on Schedule A to this Notice. Such deposition will continue from day to day until completed, and may be used for any and all purposes permitted by the law. You are invited to attend and participate as you deem fit.

Case No. 2:04-CV-614

Respectfully submitted,

Michael S. Budwick[1]    (Fla. Bar No. 938777)
Jonathan K. Winer    (Fla. Bar No. 909970)
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
Phone: 305-358-6363
Fax: 305-358-1221

Thomas W. Hill    (0012182)
Jennifer L. Mackanos    (0075059)
KEGLER, BROWN, HILL & RITTER,
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Phone: 614-462-5403
Fax: 614-464-2634

Attorneys for VIS Defendants

---

[1].    References to this Court's docket are referred to herein as ("D.E. # __"). On or about May 4, 2006, this Court entered an Order granting Michael S. Budwick, Esq. and Jonathan K. Winer, Esq. leave to appear *pro hac vice* in this matter. (D.E. #68).

Case No. 2:04-CV-614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this 2ᴺᵈ day of January, 2007 upon:

Thomas W. Hill, Esquire
Jennifer L. Mackanos, Esquire
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215

Frances Floriano Goins, Esquire
Max W. Thomas, Esquire
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

John J. Giovannone, Esq.
Greenberg Traurig LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Thomas A. Roberts, Esquire
Anthony Rollo, Esquire
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130

James S. Wertheim, Esquire
McGlinchey Stafford, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

Gary Freedman, Esq.
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. 2nd Street, 9th Floor
Miami, FL 33131

Jonathan K. Winer

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Funding Corp.)

1.      All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Funding Corp. ("SFC")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchases, and/or other transfers between SFC and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases, and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.      All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to loans of money to SFC), whether oral and written, between SFC, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Receivables Corp. I ("SRC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.      The makeup and disposition of your assets and liabilities since SFC's formation.

4.      All assets currently owned by you, including but not limited to Contracts.

5.      All money received by SFC since its formation.

6.      All money disbursed by SFC since its formation.

7.      SFC's management and operation since its formation.

8.      The party(ies) that have owned SFC since its formation.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP., <br><br> Plaintiffs, <br><br> v. <br><br> VIS HOLDINGS CORP., SPES INTERNATIONAL CORP., GEORGE M. SCOPETTA, and JOHN R. SCOPETTA, <br><br> Defendants, <br><br> v. <br><br> SEAWEST FINANCIAL CORPORATION, <br><br> Additional Counterclaim Defendant. | **SUBPOENA IN PROCEEDING PENDING IN THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION** <br><br> Case No. 2:04-CV-614 <br> Judge Marbley <br> Magistrate Judge King |

**SUBPOENA FOR DEPOSITION**
**IN A CIVIL CASE**

To:   SeaWest Receivables Corp. I
      c/o The Corporation Trust Company, Registered Agent
      Corporation Trust Center
      1209 Orange Street
      Wilmington, DE 19801

[ ]YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ x ]YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION <br> **Esquire Deposition Services** <br> **1201 North Orange Street, One Commerce Square** <br> **Wilmington, DE 19801** <br> **Fax: 302-884-6742** | DATE AND TIME: <br> **February 7, 2007 at 1:00 p.m. (E.S.T.)** |
|---|---|

[ ]YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

[ ]YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf regarding the matters described on Schedule "A", which is attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Counsel for Defendants: | DATE 1|26|07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:
Jonathan K. Winer, MELAND RUSSIN & BUDWICK, P.A., 200 South Biscayne Blvd., Suite 3000, Miami, Florida 33131; (305) 358-6363.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

J:\DOCS\CLIENTS\5056\5056-3\00236544.WPD.

**EXHIBIT**
**2**
ALL-STATE LEGAL SUPPLY CO.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privilege or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Receivables Corp. I)

1.     All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Receivables Corp. I ("SRC")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SRC and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchase and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.     All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to loans of money to SRC), whether oral and written, between SRC, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.     The makeup and disposition of your assets and liabilities since SRC's formation.

4.     All assets currently owned by you, including but not limited to Contracts.

5.     All money received by SRC since its formation.

6.     All money disbursed by SRC since its formation.

7.     SRC's management and operation since its formation.

8.     The party(ies) that have owned SRC since its formation.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CONSUMER PORTFOLIO SERVICES, INC.,  )
and 71270 CORP.,                    )
                                    )
      Plaintiffs,                  )      Case No. 2:04-CV-614
                                    )
v.                                  )      Judge Marbley
                                    )
VIS HOLDINGS CORP., SPES            )      Magistrate Judge King
INTERNATIONAL CORP., GEORGE M.      )
SCOPETTA, and JOHN R. SCOPETTA,     )
                                    )
      Defendants,                  )
                                    )
v.                                  )
                                    )
SEAWEST FINANCIAL CORPORATION,      )
                                    )
      Additional Counterclaim Defendant.  )

## DEFENDANTS' NOTICE OF TAKING TELEPHONIC DEPOSITION OF SEAWEST RECEIVABLES CORP. I

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure 30(b)(6) and 45, Defendants, VIS HOLDINGS CORP., SPES INT'L CORP., GEORGE M. SCOPETTA and JOHN R. SCOPETTA (collectively, the "VIS Defendants") will take the telephonic deposition, upon oral examination of **SeaWest Receivables Corp. I on Wednesday, February 7, 2007 at 1:00 p.m. (E.S.T.) at Esquire Deposition Services, 1201 North Orange Street, One Commerce Square Wilmington, DE 19801,** before a notary public, or some officer duly authorized by law to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(6), SeaWest Receivables Corp. I shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the matters described on Schedule A to this Notice. Such deposition will continue from day to day until completed, and may be used for any and all purposes permitted by the law. You are invited to attend and participate as you deem fit.

Case No. 2:04-CV-614

Respectfully submitted,

Michael S. Budwick[1]    (Fla. Bar No. 938777)
Jonathan K. Winer    (Fla. Bar No. 909970)
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
Phone: 305-358-6363
Fax: 305-358-1221

Thomas W. Hill    (0012182)
Jennifer L. Mackanos    (0075059)
KEGLER, BROWN, HILL & RITTER,
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Phone: 614-462-5403
Fax: 614-464-2634

Attorneys for VIS Defendants

---

[1].   References to this Court's docket are referred to herein as ("D.E. # __"). On or about May 4, 2006, this Court entered an Order granting Michael S. Budwick, Esq. and Jonathan K. Winer, Esq. leave to appear *pro hac vice* in this matter. (D.E. #68).

Case No. 2:04-CV-614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this 24th day of January, 2007 upon:

Thomas W. Hill, Esquire
Jennifer L. Mackanos, Esquire
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215

Thomas A. Roberts, Esquire
Anthony Rollo, Esquire
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130

Frances Floriano Goins, Esquire
Max W. Thomas, Esquire
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

James S. Wertheim, Esquire
McGlinchey Stafford, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

John J. Giovannone, Esq.
Greenberg Traurig LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Gary Freedman, Esq.
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. 2nd Street, 9th Floor
Miami, FL 33131

Jonathan K. Winer

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Receivables Corp. I)

1.      All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Receivables Corp. I ("SRC")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SRC and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchase and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.      All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to loans of money to SRC), whether oral and written, between SRC, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.      The makeup and disposition of your assets and liabilities since SRC's formation.

4.      All assets currently owned by you, including but not limited to Contracts.

5.      All money received by SRC since its formation.

6.      All money disbursed by SRC since its formation.

7.      SRC's management and operation since its formation.

8.      The party(ies) that have owned SRC since its formation.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP.,<br><br>       Plaintiffs,<br><br>v.<br><br>VIS HOLDINGS CORP., SPES INTERNATIONAL CORP., GEORGE M. SCOPETTA, and JOHN R. SCOPETTA,<br><br>       Defendants,<br><br>v.<br><br>SEAWEST FINANCIAL CORPORATION,<br><br>       Additional Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SUBPOENA IN PROCEEDING PENDING IN THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**

Case No. 2:04-CV-614
Judge Marbley
Magistrate Judge King

## SUBPOENA FOR DEPOSITION
## IN A CIVIL CASE

To:   SeaWest Securitization I, LLC
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

[  ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ x ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION<br>**Esquire Deposition Services**<br>**1201 North Orange Street, One Commerce Square**<br>**Wilmington, DE 19801**<br>**Fax: 302-884-6742** | DATE AND TIME:<br>**February 8, 2007 at 9:00 a.m. (E.S.T.)** |
|---|---|

[  ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | |
|---|---|
| | DATE AND TIME |

[  ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf regarding the matters described on  Schedule "A", which is attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Counsel for Defendants: | DATE<br>1  24  07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:
Jonathan K. Winer, MELAND RUSSIN & BUDWICK, P.A., 200 South Biscayne Blvd., Suite 3000, Miami, Florida 33131; (305) 358-6363.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

EXHIBIT
3
ALL-STATE LEGAL SUPPLY CO.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____ DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Securitization I, LLC)

1.    All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Securitization I, LLC ("SSI")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SSI and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.    All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to notes, bonds, and/or securities issued by SSI), whether oral and written, between SSI, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.    The makeup and disposition of your assets and liabilities since SSI's formation.

4.    All assets currently owned by you, including but not limited to Contracts.

5.    All money received by SSI since its formation.

6.    All money disbursed by SSI since its formation, including but not limited to payments to holders of promissory notes, bonds, and/or securities issued by SSI.

7.    SSI's management and operation since its formation.

8.    The party(ies) that have owned SSI since its formation.

9.    The value of the residual interest in all Contracts owned by you after all promissory notes, bonds, and/or securities issued by you are paid in full.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2;04-CV-614 |
| v. | ) ) ) | Judge Marbley |
| VIS HOLDINGS CORP., SPES INTERNATIONAL CORP., GEORGE M. SCOPETTA, and JOHN R. SCOPETTA, | ) ) ) ) | Magistrate Judge King |
| Defendants, | ) ) | |
| v. | ) ) ) | |
| SEAWEST FINANCIAL CORPORATION, | ) ) | |
| Additional Counterclaim Defendant. | ) ) | |

## DEFENDANTS' NOTICE OF TAKING TELEPHONIC DEPOSITION OF SEAWEST SECURITIZATION I, LLC

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure 30(b)(6) and 45, Defendants, VIS HOLDINGS CORP., SPES INT'L CORP., GEORGE M. SCOPETTA and JOHN R. SCOPETTA (collectively, the "VIS Defendants") will take the telephonic deposition, upon oral examination of SeaWest Securitization I, LLC on **Thursday, February 8, 2007 at 9:00 a.m. (E.S.T.) at Esquire Deposition Services, 1201 North Orange Street, One Commerce Square Wilmington, DE 19801,** before a notary public, or some officer duly authorized by law to administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(6), SeaWest Securitization I, LLC shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the matters described on Schedule A to this Notice. Such deposition will continue from day to day until completed, and may be used for any and all purposes permitted by the law. You are invited to attend and participate as you deem fit.

Case No. 2:04-CV-614

Respectfully submitted,

Michael S. Budwick (Fla. Bar No. 938777)
Jonathan K. Winer (Fla. Bar No. 909970)
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
Phone: 305-358-6363
Fax: 305-358-1221

Thomas W. Hill          (0012182)
Jennifer L. Mackanos    (0075059)
KEGLER, BROWN, HILL & RITTER,
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Phone: 614-462-5403
Fax: 614-464-2634

Attorneys for VIS Defendants

---

[1].   References to this Court's docket are referred to herein as ("D.E. # ___").  On or about May 4, 2006, this Court entered an Order granting Michael S. Budwick, Esq. and Jonathan K. Winer, Esq. leave to appear *pro hac vice* in this matter. (D.E. #68).

Case No. 2:04-CV-614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this 24 day of January, 2007 upon:

Thomas W. Hill, Esquire
Jennifer L. Mackanos, Esquire
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215

Frances Floriano Goins, Esquire
Max W. Thomas, Esquire
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

John J. Giovannone, Esq.
Greenberg Traurig LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Thomas A. Roberts, Esquire
Anthony Rollo, Esquire
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130

James S. Wertheim, Esquire
McGlinchey Stafford, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

Gary Freedman, Esq.
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. 2nd Street, 9th Floor
Miami, FL 33131

Jonathan K. Winer

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Securitization I, LLC)

1.      All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Securitization I, LLC ("SSI")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SSI and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.      All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to notes, bonds, and/or securities issued by SSI), whether oral and written, between SSI, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.      The makeup and disposition of your assets and liabilities since SSI's formation.

4.      All assets currently owned by you, including but not limited to Contracts.

5.      All money received by SSI since its formation.

6.      All money disbursed by SSI since its formation, including but not limited to payments to holders of promissory notes, bonds, and/or securities issued by SSI.

7.      SSI's management and operation since its formation.

8.      The party(ies) that have owned SSI since its formation.

9.      The value of the residual interest in all Contracts owned by you after all promissory notes, bonds, and/or securities issued by you are paid in full.

01/26/2007 15:32 FAX                                                      927/036
Case 1:07-mc-00024-SLR   Document 1-5   Filed 02/06/2007   Page 1 of 7
AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the
### UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> VIS HOLDINGS CORP., SPES ) <br> INTERNATIONAL CORP., GEORGE M. ) <br> SCOPETTA, and JOHN R. SCOPETTA, ) <br> ) <br> Defendants, ) <br> ) <br> v. ) <br> ) <br> SEAWEST FINANCIAL CORPORATION, ) <br> ) <br> Additional Counterclaim Defendant. ) | **SUBPOENA IN PROCEEDING PENDING IN THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION** <br><br> Case No. 2:04-CV-614 <br> Judge Marbley <br> Magistrate Judge King |

### SUBPOENA FOR DEPOSITION
### IN A CIVIL CASE

To:    SeaWest Securitization 2002-A, LLC
       c/o The Corporation Trust Company, Registered Agent
       Corporation Trust Center
       1209 Orange Street
       Wilmington, DE 19801

[  ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ x ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION <br> Esquire Deposition Services <br> 1201 North Orange Street, One Commerce Square <br> Wilmington, DE 19801 <br> Fax: 302-884-6742 | DATE AND TIME: <br> **February 8, 2007 at 11:00 a.m. (E.S.T.)** |
|---|---|

[  ] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

[  ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf regarding the matters described on  Schedule "A", which is attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Counsel for Defendants: | DATE <br> 1/24/07 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER:
Jonathan K. Winer, MELAND RUSSIN & BUDWICK, P.A., 200 South Biscayne Blvd., Suite 3000, Miami, Florida 33131; (305) 358-6363.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

**EXHIBIT**
**4**
ALL-STATE LEGAL SUPPLY CO.

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify a subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privilege or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

J:\DOCS\CLIENTS\5056\5056-3\00236559.WPD.

**SCHEDULE A**

**(Description of matters on which examination is requested- SeaWest Securitization 2002-A, LLC)**

1.      All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Securitization 2002-A, LLC ("SS2002-A")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SS2002-A and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.      All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to notes, bonds, and/or securities issued by SS2002-A), whether oral and written, between SS2002-A, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.      The makeup and disposition of your assets and liabilities since SS2002-A's formation.

4.      All assets currently owned by you, including but not limited to Contracts.

5.      All money received by SS2002-A since its formation.

6.      All money disbursed by SS2002-A since its formation, including but not limited to payments to holders of promissory notes, bonds, and/or securities issued by SS2002-A.

7.      SS2002-A's management and operation since its formation.

8.      The party(ies) that have owned SS2002-A since its formation.

9.      The value of the residual interest in all Contracts owned by you after all promissory notes, bonds, and/or securities issued by you are paid in full.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CONSUMER PORTFOLIO SERVICES, INC.,    )
and 71270 CORP.,                       )
                                       )
    Plaintiffs,         )    Case No. 2:04-CV-614
                                       )
v.                                     )    Judge Marbley
                                       )
VIS HOLDINGS CORP., SPES               )    Magistrate Judge King
INTERNATIONAL CORP., GEORGE M.         )
SCOPETTA, and JOHN R. SCOPETTA,        )
                                       )
    Defendants,         )
                                       )
v.                                     )
                                       )
SEAWEST FINANCIAL CORPORATION,         )
                                       )
    Additional Counterclaim Defendant.    )

## DEFENDANTS' NOTICE OF TAKING TELEPHONIC
## DEPOSITION OF SEAWEST SECURITIZATION 2002-A, LLC

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure 30(b)(6) and

45, Defendants, VIS HOLDINGS CORP., SPES INT'L CORP., GEORGE M. SCOPETTA and

JOHN R. SCOPETTA (collectively, the "VIS Defendants") will take the telephonic deposition, upon

oral examination of SeaWest Securitization 2002-A, LLC on **Thursday, February 8, 2007 at**

**11:00 a.m. (E.S.T.) at Esquire Deposition Services, 1201 North Orange Street, One Commerce**

**Square Wilmington, DE 19801,** before a notary public, or some officer duly authorized by law to

administer oaths. Pursuant to Federal Rule of Civil Procedure 30(b)(6), SeaWest Securitization

2002-A, LLC shall designate one or more officers, directors, or managing agents, or other persons

who consent to testify on its behalf regarding the matters described on Schedule A to this Notice.

Such deposition will continue from day to day until completed, and may be used for any and all

purposes permitted by the law. You are invited to attend and participate as you deem fit.

Case No. 2:04-CV-614

Respectfully submitted,

Michael S. Budwick   (Fla. Bar No. 938777)
Jonathan K. Winer   (Fla. Bar No. 909970)
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
Phone: 305-358-6363
Fax: 305-358-1221

Thomas W. Hill          (0012182)
Jennifer L. Mackanos    (0075059)
KEGLER, BROWN, HILL & RITTER,
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Phone: 614-462-5403
Fax: 614-464-2634

Attorneys for VIS Defendants

---

[1]   References to this Court's docket are referred to herein as ("D.E. # __"). On or about May 4, 2006, this Court entered an Order granting Michael S. Budwick, Esq. and Jonathan K. Winer, Esq. leave to appear *pro hac vice* in this matter. (D.E. #68).

Case No. 2:04-CV-614

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this ___ day of January, 2007 upon:

Thomas W. Hill, Esquire
Jennifer L. Mackanos, Esquire
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215

Thomas A. Roberts, Esquire
Anthony Rollo, Esquire
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130

Frances Floriano Goins, Esquire
Max W. Thomas, Esquire
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

James S. Wertheim, Esquire
McGlinchey Stafford, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

John J. Giovannone, Esq.
Greenberg Traurig LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Gary Freedman, Esq.
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. 2nd Street, 9th Floor
Miami, FL 33131

Jonathan K. Winer

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Securitization 2002-A, LLC)

1.    All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Securitization 2002-A, LLC ("SS2002-A")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SS2002-A and SeaWest of motor vehicle finance retail installment contracts ("Contracts"). Please be particularly prepared to discuss sales, purchases and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.    All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to notes, bonds, and/or securities issued by SS2002-A), whether oral and written, between SS2002-A, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2002-A, LLC ("Sec 2002-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.    The makeup and disposition of your assets and liabilities since SS2002-A's formation.

4.    All assets currently owned by you, including but not limited to Contracts.

5.    All money received by SS2002-A since its formation.

6.    All money disbursed by SS2002-A since its formation, including but not limited to payments to holders of promissory notes, bonds, and/or securities issued by SS2002-A.

7.    SS2002-A's management and operation since its formation.

8.    The party(ies) that have owned SS2002-A since its formation.

9.    The value of the residual interest in all Contracts owned by you after all promissory notes, bonds, and/or securities issued by you are paid in full.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC., and 71270 CORP., <br><br>     Plaintiffs, <br><br> v. <br><br> VIS HOLDINGS CORP., SPES INTERNATIONAL CORP., GEORGE M. SCOPETTA, and JOHN R. SCOPETTA, <br><br>     Defendants, <br><br> v. <br><br> SEAWEST FINANCIAL CORPORATION, <br><br>     Additional Counterclaim Defendant. | <u>**SUBPOENA IN PROCEEDING PENDING IN THE SOUTHERN DISTRICT OF OHIO EASTERN DIVISION**</u> <br><br> Case No. 2:04-CV-614 <br> Judge Marbley <br> Magistrate Judge King |

## SUBPOENA FOR DEPOSITION
## IN A CIVIL CASE

**To:** SeaWest Securitization 2003-A, LLC
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

[ ]YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

[ x ]YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of the deposition in the above case.

| PLACE OF DEPOSITION <br> **Esquire Deposition Services** <br> **1201 North Orange Street, One Commerce Square** <br> **Wilmington, DE 19801** <br> **Fax: 302-884-6742** | DATE AND TIME: <br> **February 8, 2007 at 2:00 p.m. (E.S.T.)** |
|---|---|

[ ]YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

[ ]YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on your behalf regarding the matters described on Schedule "A", which is attached hereto.

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> Counsel for Defendants: | DATE 1/24/07 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER: <br> Jonathan K. Winer, MILAND RUSSIN & BUDWICK, P.A., 200 South Biscayne Blvd., Suite 3000, Miami, Florida 33131; (305) 358-6363. | |

AO 88 (Rev. 1/94) Subpoena in a Civil Case

J:\DOCS\CLIENTS\5056\5056-3\00236571.WPD.

EXHIBIT 5 — ALL-STATE LEGAL SUPPLY CO.

## PROOF OF SERVICE

| DATE | PLACE |
|------|-------|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|------------------------|-------------------|

| SERVED BY (PRINT NAME) | TITLE |
|------------------------|-------|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|------|---------------------|

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or any attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privilege or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

J:\DOCS\CLIENTS\5056\5056-3\00236571.WPD.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| CONSUMER PORTFOLIO SERVICES, INC.,<br>and 71270 CORP.,        ) | |
|        ) | |
|     Plaintiffs,        ) | Case No. 2:04-CV-614 |
|        ) | |
| v.        ) | Judge Marbley |
|        ) | |
| VIS HOLDINGS CORP., SPES     )<br>INTERNATIONAL CORP., GEORGE M.   )<br>SCOPETTA, and JOHN R. SCOPETTA,   ) | Magistrate Judge King |

CONSUMER PORTFOLIO SERVICES, INC.,
and 71270 CORP.,

        Plaintiffs,

v.

VIS HOLDINGS CORP., SPES
INTERNATIONAL CORP., GEORGE M.
SCOPETTA, and JOHN R. SCOPETTA,

        Defendants,

v.

SEAWEST FINANCIAL CORPORATION,

        Additional Counterclaim Defendant.

Case No. 2:04-CV-614

Judge Marbley

Magistrate Judge King

## DEFENDANTS' NOTICE OF TAKING TELEPHONIC
## DEPOSITION OF SEAWEST SECURITIZATION 2003-A, LLC

PLEASE TAKE NOTICE that pursuant to the Federal Rules of Civil Procedure 30(b)(6) and 45, Defendants, VIS HOLDINGS CORP., SPES INT'L CORP., GEORGE M. SCOPETTA and JOHN R. SCOPETTA (collectively, the "VIS Defendants") will take the telephonic deposition, upon oral examination of SeaWest Securitization 2003-A, LLC on Thursday, February 8, 2007 at 2:00 p.m. (E.S.T.) at  Esquire Deposition Services, 1201 North Orange Street, One Commerce Square Wilmington, DE 19801, before a notary public, or some officer duly authorized by law to administer oaths.  Pursuant to Federal Rule of Civil Procedure 30(b)(6), SeaWest Securitization 2003-A, LLC shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf regarding the matters described on Schedule A  to this Notice. Such deposition  will continue from day to day until completed, and may be used for any and all purposes permitted by the law.  You are invited to attend and participate as you deem fit.

Case No. 2:04-CV-614

Respectfully submitted,

Michael S. Budwick      (Fla. Bar No. 938777)
Jonathan K. Winer       (Fla. Bar No. 909970)
MELAND RUSSIN & BUDWICK, P.A.
3000 Wachovia Financial Center
200 S. Biscayne Blvd.
Miami, FL 33131
Phone: 305-358-6363
Fax: 305-358-1221

Thomas W. Hill          (0012182)
Jennifer L. Mackanos    (0075059)
KEGLER, BROWN, HILL & RITTER,
A Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215
Phone: 614-462-5403
Fax: 614-464-2634

Attorneys for VIS Defendants

---

<sup>1</sup>.   References to this Court's docket are referred to herein as ("D.E. # __"). On or about May 4, 2006, this Court entered an Order granting Michael S. Budwick, Esq. and Jonathan K. Winer, Esq. leave to appear *pro hac vice* in this matter. (D.E. #68).

Case No. 2:04-CV-614

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by facsimile and U.S. Mail this 24th day of January, 2007 upon:

Thomas W. Hill, Esquire
Jennifer L. Mackanos, Esquire
Kegler, Brown, Hill & Ritter,
a Legal Professional Association
65 E. State Street, Suite 1800
Columbus, Ohio 43215

Thomas A. Roberts, Esquire
Anthony Rollo, Esquire
McGlinchey Stafford, PLLC
643 Magazine Street
New Orleans, Louisiana 70130

Frances Floriano Goins, Esquire
Max W. Thomas, Esquire
Ulmer & Berne LLP
1660 West 2nd Street, Suite 1100
Cleveland, OH 44113

James S. Wertheim, Esquire
McGlinchey Stafford, PLLC
25550 Chagrin Blvd., Suite 406
Cleveland, Ohio 44122-4640

John J. Giovannone, Esq.
Greenberg Traurig LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Gary Freedman, Esq.
Tabas, Freedman, Soloff & Miller, P.A.
25 S.E. 2nd Street, 9th Floor
Miami, FL 33131

Jonathan K. Winer

## SCHEDULE A
### (Description of matters on which examination is requested- SeaWest Securitization 2003-A, LLC)

1.       All communications, agreements, sales, purchases, transfers and/or other transactions between you (SeaWest Securitization 2003-A, LLC ("SS2003-A")) and SeaWest Financial Corp. (hereinafter "SeaWest"), including but not limited to sales, purchase, and/or other transfers between SS2003-A and SeaWest of motor vehicle finance retail installment contracts ("Contracts").  Please be particularly prepared to discuss sales, purchases and/or other transfers of Contracts from SeaWest to you and sales, purchases and/or transfers of Contracts from you to SeaWest, relating to Contracts that SeaWest purchased from VIS Holdings Corp. d/b/a VIS Auto Finance ("VIS").

2.       All communications, agreements, sales, purchases, transfers and/or other transactions (including but not limited to notes, bonds, and/or securities issued by SS2003-A), whether oral and written, between SS2003-A, on the one hand, and Consumer Portfolio Services, Inc. (hereinafter, "CPS"), 71270 Corp. (hereinafter "71270"), Pacific Coast Receivables Corp. ("PCR"), SeaWest Funding Corp. ("SFC"), SeaWest Securitization I, LLC ("Sec 2001-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), SeaWest Securitization 2003-A, LLC ("Sec 2003-A"), PNC Bank, N.A. ("PNC"), Market Street Funding Corp. ("Market Street"), West LB AG ("West LB"), Westside Funding Corp. ("Westside"), Greenwich Capital Financial Products, Inc. ("Greenwich Capital"), Levine Leichtman Capital Partners, L.P. ("LLCP"), and/or Levine Leichtman Capital Partners II, L.P. ("LLCP II"), on the other hand.

3.       The makeup and disposition of your assets and liabilities since SS2003-A's formation.

4.       All assets currently owned by you, including but not limited to Contracts.

5.       All money received by SS2003-A since its formation.

6.       All money disbursed by SS2003-A since its formation, including but not limited to payments to holders of promissory notes, bonds, and/or securities issued by SS2003-A.

7.       SS2003-A's management and operation since its formation.

8.       The party(ies) that have owned SS2003-A since its formation.

9.       The value of the residual interest in all Contracts owned by you after all promissory notes, bonds, and/or securities issued by you are paid in full.